**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALVIN R. SIMMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-993 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ALLEGHENY HEALTH NETWORK | ) | |
| HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING CASE**

Plaintiff initiated this action by filing a Motion for Leave to Proceed *In Forma Pauperis*

("IFP") on July 26, 2018 (Doc. 1), to which he attached his Complaint (Doc. 1-1). On July 30,

2018, this Court granted Plaintiff's Motion (Doc. 2).[1] For the reasons below, the Court will now

dismiss this action for lack of subject matter jurisdiction.

---

[1] While 28 U.S.C. § 1915 authorizes litigants like Plaintiff to proceed IFP, such status is a privilege which may be denied when abused. Plaintiff has a lengthy history of frivolous or unmeritorious litigation in this Court, including at least 21 civil actions filed in the Western District of Pennsylvania that are accessible via CM/ECF. None of these cases have culminated in a judgment for Plaintiff. See, e.g., Simmons v. Simmons, No. 2:16-cv-1731 (W.D. Pa. Nov. 28, 2016) (denying IFP motion based on "three strikes" rule under 28 U.S.C. § 1915(g)); Simmons v. Harper, No. 2:15-cv-875 (W.D. Pa. July 22, 2015) (recommending denial of IFP status based on three strikes, and noting that Plaintiff had filed "approximately twenty (20) civil actions" at the time), report and recommendation adopted, (W.D. Pa. Sept. 25, 2015). Under these circumstances, it is arguable that Plaintiff's IFP Motion should have been denied. Aruanno v. Davis, 42 F. Supp. 3d 618, 623 (D.N.J. 2014) ("the adoption of a judicial limitation in Aruanno's [non-prisoner] cases mirroring the PLRA's 'three strikes' provision and including its 'imminent danger' exception, appears to be necessary to create a uniform policy"); see Douris v. Middletown Twp., 293 F. App'x 130, 132 (3d Cir. 2008) (recognizing that IFP status may be denied for repeated and excessive abuse of process). But see Rodenbaugh v. Cararco, 244 F. App'x 437, 438 n.1 (3d Cir. 2007) ("a non-prisoner[] is not subject to § 1915(g)"). As Plaintiff is not a prisoner, the Court has followed the nonprecedential opinion in Rodenbaugh and has granted Plaintiff IFP status despite this history. See id.

After granting IFP status, the Court must dismiss a case on its own action if the allegations in the Complaint show no basis for the Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3); Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003); see also Johnson v. Philadelphia Housing Authority, 448 F. App'x 190, 192 (3d Cir. 2011). Federal courts are courts of limited jurisdiction, and the Court can exercise subject matter jurisdiction over this action only if this case arises "under the Constitution, law, or treaties of the United States," 28 U.S.C. § 1331, ("federal question jurisdiction") or if there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, ("diversity jurisdiction").

The substance of Plaintiff's claim, in its entirety, is as follows:

> Went to Allegheny Gen Hosp Emergency Room on 7-9-2018 for treatment with freind [sic] and the staff there was told about my medical condictions [sic] and civil rights were violated By [sic] the Medical Dept.

(Doc. 1-1, 5.) On his civil cover sheet, Plaintiff has checked none of the boxes indicating the asserted basis for the Court's jurisdiction. (Doc. 1-2, 1.) The Court can discern no federal question from the allegations above.[2] Plaintiff alleges that he is a citizen of Pennsylvania and that Defendant, Allegheny Health Network Hospital, is a Pennsylvania corporation. (Doc. 1-1, 4-5.) As a result, there is no allegation of diversity of citizenship.

As Plaintiff has failed to allege facts that would establish this Court's subject matter jurisdiction, the Court finds that it lacks subject matter jurisdiction over this action, and that leave to amend would be futile given the facts alleged.

---

[2] Plaintiff cites no federal statutes or constitutional provisions, and Defendant, Allegheny Health Network Hospital, is not a state actor.

Accordingly, Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction, without prejudice to Plaintiff filing his claim in state court.

IT IS SO ORDERED.


July 30, 2018                                          s/Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge


cc (via First-Class U.S. Mail):

Alvin R. Simmons, Jr.
6900 Riverside Place
Apt 34D
Pittsburgh, PA 15225